UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


| RICHARD E. O'DONNELL, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | No. 4:13 CV 1781 SNLJ / DDN |
| DOUGLAS PRUDDEN, | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This action is before the court upon the petition of Missouri state prisoner Richard E. O'Donnell for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 19, 2015, the matter was referred to the undersigned United States Magistrate Judge for a report and recommended disposition pursuant to 28 U.S.C. § 636(b)(1). (ECF No. 20.) For the reasons set forth below, the undersigned recommends that the petition for a writ of habeas corpus be denied.

## I. BACKGROUND

On June 26, 2008, in the Circuit Court of St. Louis County petitioner Richard E. O'Donnell pled guilty to stealing $500.00 or more by deceit, a Class C felony. (ECF No. 9, Ex. A-29.)[1] At that time petitioner appeared *pro se*, having waived his right to be

---

[1] First by complaint and then by indictment, petitioner was charged with representing to the victim of the theft "that he was an attorney, which representation was false and known by defendant to be false and [the victim] relied on the representation and was thereby induced to part with [at least 500 dollars]." (ECF No. 9, at Ex. A-20, A-22.) The probable cause statement of facts attached to the complaint stated: "1. Victim met and befriended defendant. Defendant held himself out as an attorney. 2. In March of 2007, victim advised defendant that his son was having legal problems. 3. Victim paid defendant for legal services. Victim stated he paid defendant a total of $1,200.00. Detective Gibson was able to obtain documentation which shows a minimum of $660.00 paid to defendant. 4. Defendant admitted that he let victim believe he was a lawyer." (*Id.* at Ex. A-20 to A-21.)

represented by legal counsel, although he had the services of appointed stand-by legal counsel. (*Id.* at Ex. A-22, A-26, A-33.) At that hearing before the circuit court, petitioner entered his guilty plea expressly pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). (*Id.* at A-26, A-33.)

In the plea proceedings, after placing petitioner under oath, the court asked the prosecutor what the state's evidence would be at trial. The prosecutor responded:

> The State's evidence would prove beyond a reasonable doubt that between March 1, 2007, and April 30, 2007, in the County of St. Louis, State of Missouri, the defendant appropriated U.S. currency of a value of at least $500, which property was owned by [victim], and the defendant appropriated such property from [victim] with the purpose to deprive him thereof by deceit in that he represented to [victim] that he was an attorney, which representation was false and known by the defendant to be false, and [victim] relied on the representation and was thereby induced to part with such property.
>
> The State's evidence would show the [victim and spouse] met Mr. O'Donnell at a casino and they became social friends, and during the course of their meetings at the casino a discussion came up about their son's legal difficulties. Mr. O'Donnell offered to assist them with their son's legal difficulties and in return he took monies from and asked for monies to be paid by the [victim and spouse] in order to take care of their son's case.
>
> During the course of their meetings which took place in the County of St. Louis monies were exchanged between [victim and spouse] and Mr. O'Donnell. There's a card which is the defendant's business card, which is a receipt acknowledging by Mr. O'Donnell that he did in fact receive the sum of $660 as and for monies to be paid to him. The [victim and spouse] would allege and they would testify that they paid the defendant a sum of $1200 dollars, which is the [restitution] the State is asking.
>
> The defendant was interviewed by the police and he indicated to the police during this interview, after waiving his Miranda rights, that he may not have dissuaded or -- he did give the impression that he was an attorney to the [victim and spouse], and they can identify him by virtue of this relationship they had from seeing each other on the gambling boat during the times they had this relationship together.
>
> THE COURT: Mr. O'Donnell, it's my understanding that you are not admitting that the evidence the State placed on the record is correct, but

you do understand that the State would be presenting evidence to that effect at a jury trial. Is that correct?

  A. Yes, ma'am.

  Q. Is it your belief that if the State did present that evidence to the jury, that there is a substantial likelihood you would be convicted of the offense?

  A. Yes, ma'am.

  Q. Do you believe it is in your best interests to enter an Alford plea of guilty rather than take your chances of going to trial in front of the jury?

  A. Yes, ma'am.

(*Id.* at A-34 to A-35.)

Also on the record the court questioned petitioner personally and he affirmed that no one had coerced him to plead guilty, that his proceeding without counsel was not coercing him to plead guilty, that he had enough time to consider whether to plead guilty or not, that he knew he was entitled to a jury trial instead of pleading guilty, that he was entitled to be represented by an attorney but that he chose to represent himself, that he had the right to confront the state's evidence, that he knew the jury would be instructed that he was presumed innocent, that he could present evidence on his own behalf, that he knew he had the right to testify or not and that if he chose not to testify the state could not comment on that to the jury, that he knew he could appeal a guilty verdict, that he knew that by pleading guilty he was waiving all his rights to a jury trial and that there would be no jury trial, that he understood all the rights stated by the court, that he was speaking truthfully, that he was entering the *Alford* plea because he believed the state had substantial evidence against him and that there was a substantial likelihood he would be convicted by a jury, and that he believed it was in his best interests to enter an *Alford* plea of guilty instead of going to trial. (*Id.* at A-35 to A-36.)

Upon this record, the circuit court found:

> [T]here is a factual basis for the plea. The Court also finds the defendant is entering his Alford plea of guilty voluntarily and intelligently, with a full understanding of the consequences of an Alford plea of guilty, and the Court therefore accepts the defendant's Alford plea of guilty to the offense with which he is charged.

(*Id.* at A-36.)

Immediately following the plea proceedings, consistent with the recommendation of the state, the court sentenced petitioner to a term of ten years imprisonment; the court suspended execution of the sentence of imprisonment and placed petitioner on five years probation, with conditions that included restitution and 120 days of shock incarceration. (*Id.* at A-36.)

On April 30, 2009, petitioner appeared before the circuit court, this time with counsel. (*Id.* at A-37.) Following petitioner's waiver of an evidentiary hearing, he admitted violating probation condition No. 8 by failing to comply with his "reporting directives" as set forth in the report of the Probation Officer. Thereupon, the court sentenced petitioner to ten years imprisonment, as previously ordered. (*Id.*) Petitioner agreed he understood the sentence and did not protest its imposition during the hearing. (*Id.*)

On August 21, 2009, the circuit court ordered the balance of petitioner's term of imprisonment be suspended; effective September 3, 2009, petitioner was placed on five years probation. (*Id.* at A-40.)

On July 15, 2010, petitioner again appeared before the circuit court for a probation violation hearing on the allegation he violated his probation reporting requirements, and again petitioner waived his right to a hearing. (*Id.* at 41.) At this hearing the court again sentenced petitioner to ten years imprisonment with one year's credit for the time he previously served on probation and credit for time previously served in prison. (*Id.*)

On August 20, 2010, under Missouri Supreme Court Rule 24.035, petitioner filed a motion to vacate, set aside or correct the judgment entered by the court. (*Id.* at 119-27.) An amended motion and request for an evidentiary hearing was filed on December 1, 2010. (*Id.* at 106-13.) In this motion he alleged only that his guilty plea was involuntary

4

because the circuit court was prejudiced against him, because before he pled guilty the court had improperly summarily denied his pretrial motions. (*Id.*)

On January 31, 2011, the circuit court, without having conducted an evidentiary hearing, issued its findings of fact and conclusions of law, denying the Rule 24.035 motion to vacate, because it was untimely. (ECF No. 26-1.)

On September 3, 2011, petitioner appealed the decision to the Missouri Court of Appeals. (ECF No. 9, at 161-65.) On October 19, 2011, the Court of Appeals on its own motion dismissed the appeal "for failure to comply with this court's order of September 8, 2011 and failure to file a brief conforming to the Missouri Supreme Court Rules." (*Id.* at Ex. B-1.)

## II. PETITIONER'S GROUNDS FOR FEDERAL HABEAS RELIEF

Petitioner alleges four grounds for federal habeas corpus relief:

> (1) The Circuit Court of St. Louis County lacked jurisdiction over the alleged offense to which petitioner pled guilty because the location of the events was in St. Charles County rather than St. Louis County.
>
> (2) Two St. Louis County Circuit Judges were unfairly involved in his case.
>
> (3) In the facts underlying his conviction, petitioner never acted as an attorney.
>
> (4) Petitioner was not given the proper credit for the time he served in jail or the time he spent on probation.

(ECF No. 1 at 5-10.)

## III. EXHAUSTION AND PROCEDURAL BAR

Congress requires that state prisoners exhaust their state law remedies for claims made in federal habeas corpus petitions filed in district court. *See* 28 U.S.C. § 2254(b)(1)(A). A state prisoner has not exhausted his remedies "if he has the right under

the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Exhaustion in the sense that petitioner now merely has no remaining procedure for bringing a claim to the state court does not satisfy the federal statutory requirement. *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A petitioner must have fairly presented the substance of each federal ground to the state trial and appellate courts. *Id.* If he has not done so because of a procedural mistake, such as not filing in state court in the required time period, and he has no remaining state procedure available for doing so, any such ground for federal habeas relief generally is barred from being considered by the federal courts. *King v. Kemna*, 266 F.3d 816, 821 (8th Cir. 2001) (en banc); *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011). The doctrine of procedural bar applies whether the default occurred at trial, on appeal, or during state court collateral attack. *See Murray v. Carrier*, 477 U.S. 478, 490–92 (1986).

A petitioner may avoid the procedural bar by demonstrating either that there is a legally sufficient cause for the default and actual prejudice resulting from it, or that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish cause for a procedural default, petitioner must demonstrate that some objective factor external to his case impeded his efforts to comply with the state procedural requirements. *Id.* at 753. "Only where a prisoner is impeded or obstructed in complying with the State's established procedures" will the court entertain waiving a violation of the procedures. *Martinez v. Ryan*, 132 S. Ct. 1309, 1318 (2012). To establish actual prejudice, petitioner must demonstrate that the alleged errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Ivy v. Caspari*, 173 F.3d 1136, 1141 (8th Cir. 1999) (internal citations omitted); *see also Charron v. Gammon*, 69 F.3d 851, 858 (8th Cir. 1995) (stating that the standard of prejudice to overcome procedural default "is higher than that required to establish ineffective assistance of counsel under Strickland") (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

6

In the Missouri circuit court petitioner alleged only one ground for relief, that his plea was involuntary, because that court was prejudiced against him. (Resp. Ex. A, ECF No. 25, at 106.) This ground is not among the four federal habeas grounds alleged in this case. Further, that ground was denied by the circuit court as untimely filed. (Resp. Ex. E, ECF No. 26, p. 3.) His appeal from the circuit court's judgment was denied by the Missouri Court of Appeals, also on the procedural ground of failing to comply with the rules regulating briefing in the state appellate court. (Resp. Ex. B, ECF No. 9 at 1.)

For these reasons, petitioner has failed to properly present to the Missouri circuit court and the Court of Appeals any of his four grounds for federal habeas relief.

Further, he has failed to show that his procedural default was grounded on legally sufficient cause and that this court's failure to consider his grounds for relief would result in a fundamental miscarriage of justice.

Nevertheless, if this court concludes that the procedurally barred grounds are without merit, Congress has authorized it to consider and to dismiss them. 28 U.S.C. § 2254(b) (2). The undersigned has considered all of petitioner's federal grounds on their merits and concludes they should be denied.

### IV.  STATUTE OF LIMITATIONS

First, petitioner did not file his federal petition within the statutory limitations period. To obtain federal habeas relief, state prisoners must file their habeas petitions within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (2012) (Antiterrorism and Effective Death Penalty Act ("AEDPA")). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.*

On December 5, 2011, the Missouri Court of Appeals entered its order dismissing petitioner's case, which began the statutory one-year limitations period. (Resp. Ex. C, ECF No. 9, at 1.) On August 16, 2013, petitioner filed the petition under 28 U.S.C. § 2254 for a writ of habeas corpus. (ECF No. 1 at 1.) The statutory limitations period ran for one year, eight months and eleven days, totaling 620 days, before petitioner filed his pro se federal petition.

Therefore, petitioner's federal habeas corpus petition is untimely. Nevertheless, the court has considered the merits of petitioner's grounds for relief.

## V. STANDARD OF REVIEW

Petitioner's federal habeas grounds were not decided on their merits by any state court and, therefore, the pre-AEDPA standards for habeas review govern. *Gringas v. Weber*, 543 F.3d 1001, 1003 (8th Cir. 2008) ("Because [petitioner's] apparently unexhausted claim was not adjudicated on the merits, we likely should apply the pre-AEDPA standard of review, rather than the deferential standard of 28 U.S.C. § 2254(d).").

The pre-AEDPA standard requires de novo review of the federal habeas grounds for relief. *Worthington v. Roper*, 631 F.3d 487, 495 (8th Cir. 2011). "Under such review, questions of law, including mixed questions of law and fact, are reviewed de novo, and

questions of fact are reviewed under the clear error standard." *Montes v. Trombley*, 599 F.3d 490, 494 (6th Cir. 2010).

## VI. DISCUSSION OF MERITS

### A. Ground 1

In Ground 1, petitioner alleges the state circuit court did not have proper jurisdiction to initially handle his case. Matters of a state court's jurisdiction are not cognizable under federal habeas law. *Wilson v. Roper*, No. 4:06 CV 00675 ERW-FRB, 2009 WL 2365553, at *6 (E.D. Mo. July 29, 2009). Jurisdiction is often couched in an argument regarding violation of due process rights, but in order to reach the due process violation "the court must first determine that the sentencing court has no jurisdiction. This is not . . . a determination for the federal courts when the question of jurisdiction is one of valid state law only." *Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994).

The jurisdiction issue raised by petitioner is unambiguously a state procedural question. "The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254). A federal court may not re-examine a state court's interpretation and application of state law. *Id.*

Ground 1 is not cognizable under federal habeas law and should be denied.

### B. Ground 2

Petitioner alleges the Missouri circuit judges who handled his case were unfairly biased against him. The Supreme Court has recently ruled that recusal is required if the judge has had "significant, personal involvement" in the case. *Williams v. Pennsylvania*, 136 S. Ct. 1899, 1910 (2016) (a state supreme court justice was required by due process to recuse himself from the hearing of a death penalty case where he was the prosecuting attorney who advocated for the death penalty). ABA Model Code of Judicial Conduct allows for recusal of a judge if "the judge's impartiality might reasonably be questioned."

Model Rules of Judicial Conduct R. 2.11(A)(1), (A)(6)(b) (2011). *See* http://www.americanbar.org/groups/professional_responsibility/publications/model_code_of_judicial_conduct/model_code_of_judicial_conduct_canon_2/rule2_11disqualification.html.

In this case, petitioner has submitted a document which purports to be a letter, dated June 26, 2007 (a year before petitioner's guilty plea and two months after the deceit alleged in the circuit court indictment). This document is addressed "TO WHOMEVER THIS MAY CONCERN," purportedly authored by petitioner's victim and spouse, and is attached to his federal habeas petition. (ECF No. 1-1.) That letter, which is not signed other than by typewritten names, purports to recount the relationship and conversations of petitioner with the victims, the events surrounding the charge against petitioner, and statements petitioner made to the victims about petitioner's relationship with two named St. Louis County circuit judges. Even if the facts set forth in this document are true, which the undersigned does not find to be so, none of the facts stated in the document benefits petitioner's case, either in the Missouri circuit court or in this court. Petitioner's case was not presided over by either of the judges named in this "letter."

Petitioner has presented no evidence showing the judge who presided over his circuit court case was prejudiced against him.

Ground 2 is without merit.

**C. Ground 3**

In Ground 3 petitioner alleges he did not act deceitfully as the state indictment alleged. This ground is without merit. A guilty plea is constitutionally sound if it is made without an admission that the defendant committed the alleged criminal activity but with a belief that the defendant's best interests require entry of the plea. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). Such is the case here.

On the circuit court plea record, petitioner voluntarily, knowingly, and understandingly consented to the imposition of the recommended sentence, even though he did not personally admit to the charged criminal activity. There is no constitutional

10

difference between "a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence when . . . a defendant intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt." *Id.*

During the plea hearing in the circuit court, under oath, petitioner agreed with the plea agreement, he understood the charge against him, and he stated he was not being coerced into entering a guilty plea.

Finally, the prosecutor presented the facts the state would prove at trial. These facts indicated that on several occasions he falsely represented that he was an attorney. This misrepresentation included offering to help with a legal problem involving the victim's son. Petitioner took money on several occasions and purportedly provided legal services. After the State presented these details, the circuit court again asked petitioner if he understood the facts presented and that his plea would admit these facts. Petitioner answered he understood he was admitting to the facts presented by the prosecutor.

Ground 3 is without merit.

## C. Ground 4

In Ground 4, petitioner alleges the State did not properly credit him for time served against his sentence and is requesting a proper accounting of time served. The application of a state's procedural rules involving applying time served to a sentence is not a federal question and one this court should not address, *See Hill v. Hopkins*, 245 F.3d 1038, 1041 (8th Cir. 2001); *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir. 1991) ("[T]he interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction.").

Ground 4 is without merit.

## VII.  CONCLUSION

For the reasons set forth above,

**IT IS HEREBY RECOMMENDED** that the petition of Richard E. O'Donnell for a writ of habeas corpus (ECF No. 1) be denied.

The parties are advised that they have 14 days to file documentary objections to this Report and Recommendation. The failure to file timely written objections may waive the right to appeal issues of fact.

          /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 30, 2016.